1
2
3
4
5
6
7

8            **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10   RITA HARTMAN,                          CASE NO. 16cv0956 JM(JLB)

11                          Plaintiff,      ORDER GRANTING MOTION TO
                                            AMEND NOTICE OF REMOVAL;
12        v.                                DENYING MOTION TO DISMISS;
                                            GRANTING MOTION TO SET
13                                          ASIDE DEFAULT; DENYING EX
     COSTA VERDE CENTER;                    PARTE APPLICATION TO
14   REGENCY CENTERS PROPERTY               INTERVENE; DENYING MOTION
     MANAGEMENT; and SAN DIEGO              TO INTERVENE
15   MEDICAL TRANSPORT,

16                          Defendant.

17        Defendant Regency Centers, L.P. ("Regents"), erroneously sued as Costa Verde

18   Center and Regency Centers Property Management, moves to dismiss the complaint

19   for failure to state a claim and to amend the Notice of Removal.  Proposed intervenor

20   Illinois Union Insurance Company ("Illinois"), moves to intervene to assert defenses

21   of its insured, defendant San Diego Medical Transport, Inc. (SDMT"), a California

22   corporation suspended until July 6, 2016, by the California Secretary of State for

23   failure to pay taxes to the Franchise Tax Board.  SDMT moves to set aside default.

24   Plaintiff Rita Hartman opposes all motions except the motion to file an Amended

25   Notice of Removal.  Pursuant to Local Rule 7.1(d)(1), the court finds the matters

26   presented appropriate for resolution without oral argument.  For the reasons set forth

27   below, the court grants the motion to file an Amended Notice of Removal; denies the

28   motion to dismiss; grants the motion to set aside default; denies the ex parte application

1   to intervene; and denies the motion to intervene.

2                              **BACKGROUND**

3          On February 29, 2016, Plaintiff filed a complaint in the California Superior

4   Court, County of San Diego, alleging nine causes of action for (1) violation of the

5   Americans with Disabilities Act ("ADA"); (2) violation of the Unruh Civil Rights Act;

6   (3) violation of the Disabled Persons Act; (4) negligence; (5) negligence per se; (6)

7   violation of the ADA; (7) violation of the Unruh Civil Rights Act; (8) violation of the

8   Disabled Persons Act; and (9) negligence.  The first five claims are asserted against

9   Regents for events that occurred on June 18, 2014, and the last four claims are asserted

10  against SDMT for events that occurred on July 30, 2014.  On April 20, 2016, Regency

11  removed the action to this court based upon federal question jurisdiction and alleging

12  supplemental jurisdiction over the remainder of the claims.  Plaintiff's claims arise

13  from the following generally described allegations.

14         Plaintiff is a 78-year old woman who uses a cane to assist with walking due to

15  complications with flexion in her legs.  On June 18, 2014, after parking her car in a

16  disabled person parking space at Costa Verde shopping center, Plaintiff exited her

17  vehicle and stepped into a defect in the blacktop in the adjacent space injuring herself.

18  She was transported to Grossmont Hospital were she was treated for pain, an injured

19  wrist, and a pelvic fracture.

20         The second event leading to Plaintiff's claims occurred on July 30, 2014, when

21  SDMT transported her to Lemon Grove Care Center for physical and occupational

22  therapy related to her earlier accident.  During the return trip, the lift ramp on the

23  vehicle became stuck mid-lift with Plaintiff still on the ramp.  Plaintiff then fell off the

24  ramp, suffering back and neck injuries, head trauma, and a possible fractured vertebrae.

25  Since the lift ramp accident, Plaintiff suffers from constant headaches, neck pain,

26  dizziness, and balance problems.

27         On May 13, 2016, the Clerk of Court entered default against SDMT and, on May

28  16, 2016, Plaintiff moved for entry of default judgment.  On June 25, 2016, Illinois

1  Union Insurance Company ("IUCC"), the liability insurer for SDMT, moved to
2  intervene and for leave to file a complaint in intervention to assert defenses on behalf
3  of its insured, SDMT.  IUCC represents that SDMT had been suspended by the
4  California Secretary of State for non-payment of taxes, thereby making intervention the
5  appropriate method to protect its interests.

6      On May 11, 2016, Plaintiff filed a motion to remand for lack of jurisdiction on
7  grounds that Regency erroneously cited 28 U.S.C. §1441(c) as the basis for removal,
8  instead of 28 U.S.C. §1441(a).  On May 27, 2016, Regency filed a motion to correct
9  the inadvertent citation to the wrong statutory provision and the parties have resolved
10  this issue with Plaintiff withdrawing its motion to remand, (Ct. Dkt. 23), and Plaintiff
11  does not oppose Regency's motion to amend the Notice of Removal.  (Ct. Dkt. 29).

12      On July 13, 2016, SDMT moved to set aside default which  Plaintiff opposes.

13  **DISCUSSION**

14  **The Motion to Amend the Notice of Removal**

15      Regency represents that it inadvertently cited 28 U.S.C. §1441(c) in its Notice
16  of Removal instead of 28 U.S.C. §1441(a).  Without any opposition, Regency's motion
17  to amend the Notice of Removal is granted.

18  **The Motion to Dismiss**

19      Legal Standards

20      Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in
21  "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir.
22  1981).  Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a
23  "cognizable legal theory" or sufficient facts to support a cognizable legal theory.
24  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  Courts should
25  dismiss a complaint for failure to state a claim when the factual allegations are
26  insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp.
27  v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly
28  suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 556 U.S. 662 (2009)

1   (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the
2   mere possibility of misconduct). "The plausibility standard is not akin to a 'probability
3   requirement,' but it asks for more than a sheer possibility that a defendant has acted
4   unlawfully." <u>Id.</u> at 678.  Thus, "threadbare recitals of the elements of a cause of action,
5   supported by mere conclusory statements, do not suffice." <u>Id.</u>  The defect must appear
6   on the face of the complaint itself.  Thus, courts may not consider extraneous material
7   in testing its legal adequacy.  <u>Levine v. Diamanthuset, Inc.</u>, 950 F.2d 1478, 1482 (9th
8   Cir. 1991).  The courts may, however, consider material properly submitted as part of
9   the complaint. <u>Hal Roach Studios, Inc. v. Richard Feiner and Co.</u>, 896 F.2d 1542, 1555
10  n.19 (9th Cir. 1989).

11       Finally, courts must construe the complaint in the light most favorable to the
12  plaintiff. <u>Concha v. London</u>, 62 F.3d 1493, 1500 (9th Cir. 1995), <u>cert. dismissed</u>, 116
13  S. Ct. 1710 (1996).  Accordingly, courts must accept as true all material allegations in
14  the complaint, as well as reasonable inferences to be drawn from them. <u>Holden v.</u>
15  <u>Hagopian</u>, 978 F.2d 1115, 1118 (9th Cir. 1992).  However, conclusory allegations of
16  law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion.  <u>In</u>
17  <u>Re Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir. 1996).

18       The Motion

19       Regency contends that the hole in the pavement where Plaintiff fell does not
20  violate the ADA "because access was at all times available for plaintiff's use. [As such,
21  Regency urges,] Plaintiff cannot demonstrate she was denied equal access to the
22  premises because she could have used the disabled access aisle, rather than a non-
23  disabled parking space to enter the premises." (Motion at p.5:19-22).  As demonstrated
24  by the photographs attached to the complaint, the defect in the pavement was adjacent
25  to the disabled person parking space.  (Compl. Exhs. 1A-1D).

26       Regency relies on <u>Urhausen v. Longs Drug Stores California, Inc.</u>, 155
27  Cal.App.4th 254 (2007) for the proposition that Plaintiff was not denied "equal access"
28  for ADA purposes.  There, plaintiff, a disabled individual with a disabled person

parking permit, chose to park in a non-disabled parking space.  While walking with the aid of crutches to defendant's store, Plaintiff fell and injured herself.   Discovery revealed that a disabled parking place with an adjacent access ramp was available at the time plaintiff parked her vehicle and that had she parked in the disabled parking space, plaintiff would have had a dedicated access ramp to enter the defendant's store.

Under California's Disabled Persons Act ("DPA"), Cal. Civ. Code §54(a), damages, as opposed to injunctive relief, are available only when the disabled individual was denied "equal access" on a particular occasion.  Id. at 262.  The Court of Appeal reasoned that damages are available under the DPA, i.e. when "either the structure of the public facility, or some policy of its operator, precluded equal access." Id. at 263.  Plaintiff's decision not to park in the disabled parking space resulted in her failure to "demonstrate that she was denied equal access to the store without demonstrating that [the disabled parking place] was inadequate."  Because plaintiff testified that she was fully capable of utilizing a typical disabled access ramp, the Court of Appeal concluded that "she was not denied equal access to the store; rather, she was unable to enter as a result of her fall." Id.  (emphasis added).

At this juncture, Urhausen, a summary judgment case, is not dispositive of Plaintiff's ADA claim for two reasons.  First, in Urhausen, the parties had completed discovery and provided an evidentiary context upon which the court based its rulings. Here, in contrast, the parties have yet to conduct discovery and no evidentiary record exists.  Second, unlike in Urhausen, Plaintiff parked in a disabled parking space.  This fact alone significantly distinguishes Urhausen from the present case.  While the Urhausen court concluded that it was a physical injury that prevented plaintiff from gaining access to the store, rather than a defect associated with disabled parking, this court cannot reach the same conclusion on this motion to dismiss.

In sum, the court denies the motion to dismiss.

**The Motion to Set Aside Default**

Under Rule 55(c), the court may set aside an entry of default for good cause.

1  Fed.R.Civ.P. 55(c).  The court has broad discretion in resolving a Rule 55(c) motion

2  to set aside an entry of default.  Mendoza v. Wight Vineyard Management, 783 F.2d

3  941, 945 (9th Cir. 1986).   The court may use the factors relevant to a Rule 60(b)

4  motion to set aside a final default judgment, but should apply the factors more liberally

5  when addressing a Rule 55(c) motion.  Hawaii Carpenters' Trust Funds v. Stone, 794

6  F.2d 508, 513 (9th Cir. 1986).  Even in the more rigorous 60(b) context, there is a

7  strong preference for trial on the merits, and any doubts should be resolved in favor of

8  setting aside the default.  Direct Mail Specialists v. Eclat Computerized Technologies,

9  840 F.2d 685, 690 (9th Cir. 1988).

10      The good cause analysis includes three factors:

11      (1) whether [the defaulted party] engaged in culpable conduct that led to
        the default; (2) whether [the defaulted party] had a meritorious defense;
12      or (3) whether reopening the default judgment would prejudice [the
        plaintiff].  As these factors are disjunctive, the district court was free to
13      deny the motion "if any of the three factors was true."  American Ass'n of
        Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir.
14      2000).

15  Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 925-26 (9th

16  Cir. 2004).  The defaulted party bears the burden to show that these factors favor

17  setting aside the default.  Id.

18      The court finds that there is good cause to set aside default.  First, SDMT

19  submits that the failure to respond to the complaint was the result of inadvertence, not

20  willful conduct.  Mr. Sanchez, Chief Financial Officer of SDMT, explains that upon

21  receipt of legal documents the documents are placed in one of three folders.

22  Complaints and summons are placed in the legal file for "patient-related legal

23  documents" and forwarded to SDMT's insurance provider.  The employee who

24  received the documents on March 21, 2016, Ramon Cruz, mistakenly placed the

25  documents in a file reserved for documents that Mr. Sanchez had already reviewed.

26  Mr. Sanchez was out of the country for three weeks from mid-May 2016 to early June

27  2016.

28      Upon his return from vacation in early June 2016, Mr. Sanchez was contacted

by Regents and informed about the pending lawsuit and Plaintiff's application for default judgment. Mr. Sanchez then discovered the misfiled documents and contacted the insurance carrier, IUCC. On June 10, 2016, IUCC retained counsel to represent SDMT. On June 17, 2016, counsel learned that SDMT had been suspended by the Franchise Tax Board and immediately took steps to cure the defect. During this time, while SDMT and Plaintiff's counsel spoke concerning the entry of default, the parties were unable to reach an agreement to set aside default.

On June 24, 2016, SDMT was prepared to file the motion to set aside default but learned in the interim that it had been suspended by the Franchise Tax Board. On the same date IUCC, SDMT's insurer, filed an ex parte motion to intervene to assert its rights because of SDMT's suspension status. On July 6, 2016, the Franchise Tax Board lifted SDMT's suspension and, on July 13, 2016, SDMT filed the motion to set aside default.

Plaintiff assigns culpability to SDMT's conduct predicated upon Plaintiff's counsel's contact with Mr. Sanchez in early May 2016 concerning the lawsuit, including letter correspondence. Mr. Sanchez declares that although he spoke with Plaintiff's counsel, he then went on a three-week international vacation. In early June 2016, Mr. Sanchez contacted the insurer upon his return. Plaintiff questions SDMT's credibility concerning its chronology of events and contends SDMT had knowledge of the lawsuit earlier than it admits.

From the evidentiary record submitted, the court concludes that SDMT engaged in inadvertent misconduct by failing to timely respond to the complaint and summons. The court cannot conclude that SDMT engaged in wrongful, culpable, or dilatory practices in late-filing the motion to aside default (or failing to timely respond to the complaint). The late response to the complaint appears to be due to inadvertence, confusion, or excusable neglect, not culpable conduct.

The second and third considerations also favor setting aside default. The cause of the accidents, as well any damages suffered by Plaintiff, are subject to legitimate

16cv0956

dispute.  Discovery will illuminate Plaintiff's claims. Finally, there is little prejudice to Plaintiff in granting the requested relief.  This case is in its infancy and the parties each have the opportunity to fully prosecute or defend their position.

In sum, SDMT has established good cause to set aside default.  The motion is granted and SDMT is instructed to timely file a response to the complaint within 14 days of entry of this motion.

**Motion to Intervene**

The court concludes that by granting the motion to set aside default, the ex parte motion to intervene (Ct. Dkt. 24) and the motion to intervene (Ct. Dkt. 30) are denied as moot.

In conclusion, the court grants the motion to file an amended Notice of Removal; denies the motion to dismiss, grants the motion to se aside default; denies the ex parte application to intervene; and denies the motion to intervene.[1]

**IT IS SO ORDERED.**

DATED:  September 14, 2016

Hon. Jeffrey T. Miller
United States District Judge

cc:          All parties

---

[1]  The court notes that this action appears to include two unrelated events involving different party defendants.  The court is confident future motion practice will shed light on the question of whether these events and parties are properly joined under Rules 18, 19, or 20.