1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

RITA HARTMAN,

CASE NO. 16cv0956 JM(JLB)

11

Plaintiff,

ORDER GRANTING MOTION TO
DISMISS

12

v.

13

COSTA VERDE CENTER;
REGENCY CENTERS PROPERTY
MANAGEMENT; and SAN DIEGO
MEDICAL TRANSPORT,

14
15

Defendant.

16

Defendant San Diego Medical Transport, Inc. (SDMT") moves to dismiss three

17

of the four causes of action asserted in Plaintiff Rita Hartman's disability complaint.

18

Plaintiff opposes the motion.   Defendant Regency Centers, L.P.   ("Regents"),

19

erroneously sued as Costa Verde Center and Regency Centers Property Management,

20

did not respond to the motion to dismiss.  Pursuant to Local Rule 7.1(d)(1), the court

21

finds the matters presented appropriate for resolution without oral argument.  For the

22

reasons set forth below, the court grants the motion to dismiss.

23

**BACKGROUND**

24

On February 29, 2016, Plaintiff filed a complaint in the California Superior

25

Court, County of San Diego, alleging nine causes of action for (1) violation of the

26

Americans with Disabilities Act ("ADA"); (2) violation of the Unruh Civil Rights Act

27

("Unruh"); (3) violation of the Disabled Persons Act ("DPA"); (4) negligence;

28

(5) negligence per se; (6) violation of the ADA; (7) violation of Unruh Act;

(8) violation of DPA; and (9) negligence.  The first five claims are asserted against Regents for events that occurred on June 18, 2014, and the last four claims are asserted against SDMT for events that occurred on July 30, 2014.  On April 20, 2016, Regency removed the action to this court based upon federal question jurisdiction and alleging supplemental jurisdiction over the remainder of the claims.  Plaintiff's claims arise from the following generally described allegations.

Plaintiff is a 78-year old woman who uses a cane to assist with walking due to complications with flexion in her legs.  On June 18, 2014, after parking her car in a disabled person parking space at Costa Verde shopping center, Plaintiff exited her vehicle and stepped into a defect in the blacktop in the adjacent space injuring herself.  She was transported to Grossmont Hospital were she was treated for pain, an injured wrist, and a pelvic fracture.

The second event leading to Plaintiff's claims occurred on July 30, 2014, when SDMT transported her to Lemon Grove Care Center for physical and occupational therapy related to her earlier accident.  During the return trip, the lift ramp on the vehicle became stuck mid-lift with Plaintiff still on the ramp.  Plaintiff then fell off the ramp, suffering back and neck injuries, head trauma, and a possible fractured vertebrae.  Since the lift ramp accident, Plaintiff suffers from constant headaches, neck pain, dizziness, and balance problems.

## DISCUSSION

**The Motion to Dismiss**

Legal Standards

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases.  United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).  Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  Courts should dismiss a complaint for failure to state a claim when the factual allegations are

insufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic Corp.</u> <u>v. Twombly</u>, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> at 678. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. <u>Levine v. Diamanthuset, Inc.</u>, 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. <u>Hal Roach Studios, Inc. v. Richard Feiner and Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. <u>Concha v. London</u>, 62 F.3d 1493, 1500 (9th Cir. 1995), <u>cert. dismissed</u>, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. <u>Holden v. Hagopian</u>, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. <u>In Re Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir. 1996).

### The ADA Claim

The ADA sets forth a strong national policy to address discrimination against individuals with disabilities. 42 U.S.C. § 12101(b)(4). To accomplish those goals with respect to transportation services, the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of specified public transportation services provided by a private company." 42 U.S.C. §12184(a).

Plaintiff contends that the single malfunction of the lift on July 30, 2015, violates

ADA regulations requiring equipment designed for individuals with disabilities to be "in operable working condition."  28 C.F.R. §36.211(a); 28 C.F.R. §36.211, App. C. Plaintiff argues that the severity of her injury "constitutes non-compliance with ADA regulations requiring handicap facilities to be in good working order." (Oppo. at p.6:7-8).  This is so because "the faulty lift flipped a fragile old lady on her head and caused her serious injury."  (Oppo. at p.6:6-7).

The court concludes that an allegation of a single malfunction of a disability lift on a transportation vehicle does not establish an ADA claim.  While the focus of Plaintiff is on the severity of her injury, the threshold issue is whether the ADA imposes liability on a transportation services company whenever the vehicle experiences an equipment malfunction.  The ADA does not impose the unrealistic expectation of perfection in transportation services.  The same regulatory scheme that imposes on transportation service providers the duty to maintain their facilities, equipment, and vehicles in "operative condition," 49 C.F.R. §37.161; see 28 C.F.R. §36.211(a), also provides that "isolated or temporary interruptions in services or access due to maintenance or repairs" do not violate the ADA.  49 C.F.R. §37.161(c).  Taking this common sense approach to the reach of the ADA, the single alleged malfunction of the lift does not state an ADA claim.

In Midgett v. Tri-County Metro. Transp. Dist., 254 F.3d 846 (9th Cir. 2001), the mobility- challenged plaintiff used defendant's buses for transportation in the Portland area.  Plaintiff alleged that he was unable to use the wheelchair lifts on the buses because of malfunction on at least five different occasions between January 30, 1996 and September 29, 1999.  The district court entered summary judgment against plaintiff and in favor of defendant on the ADA claim for injunctive relief, and the Ninth Circuit affirmed the district court.  Stating that the "ADA do[es] not contemplate perfect service," the Ninth Circuit noted that 49 C.F.R. §37.161(c) "establishes that isolated or temporary problems caused by lift malfunctions are not violations of the ADA."  Midgett is consistent with the Ninth Circuit's holding in other contexts that temporary

and transitory denials of access do not amount to ADA violations.  See, e.g., Chapman v. Pier 1 Imports (U.S.), Inc., 779 F.3d 1001, 1008–09 (9th Cir. 2015).  Allowing the malfunction to persist beyond a "reasonable period of time" or repeatedly allowing it to happen would amount to a violation, however.  See id. at 1008; Kalani v. Starbucks Corp., 81 F. Supp. 3d 876, 885 (N.D.Cal., 2015) (citing Department of Justice commentary); ADAAG Manual, § III-3.700 (providing that a violation occurs "if repairs are not made promptly or inadequate maintenance causes repeated and persistent failures").

Without citation to any authority, Plaintiff seeks to distinguish Midgett on the theory that the case involved only a denial of service occasioned by lift problems, not personal injury caused by a lift failure.  The difficulty with this argument is that it ignores the purpose of the ADA: to provide a national mandate for the elimination of discrimination against individuals with disabilities.  See 42 U.S.C. §12101(a)(3) and (b).  The linchpin for an ADA claim is discrimination, not personal injury occasioned by a lift malfunction due to an isolated mechanical malfunction.[1]

Here, the court dismisses the ADA, DPA, and Unruh Act claims for failure to state a claim under Fed.R.Civ.P. 12(b)(6).[2]  In the absence of repeated, persistent equipment malfunctions, Plaintiff simply fails to state an ADA claim.  In the event Plaintiff discovers a basis for asserting an ADA claim, Plaintiff may move to amend the complaint within the time frame established in the Case Management Order.

/ / /

/ / /

/ / /

/ / /

---

[1] Plaintiff's argument that the alleged failure to "secure" her on the lift after it became stuck suffers from the same flaw, i.e., it sounds in garden-variety negligence rather than based upon a disability discrimination theory.

[2] As the ADA claim serves as the predicate for the DPA and Unruh Act claims, the dismissal of the ADA claim requires dismissal of the dependent claims as well.

16cv0956

1    In sum, the court grants the motion to dismiss the ADA, DPA, and Unruh Act

2 claims.  This action shall proceed against SDMT on the negligence claim only.

3    **IT IS SO ORDERED.**

4 DATED:  December 8, 2016

5    _____

6    Hon. Jeffrey T. Miller
     United States District Judge

7 cc:        All parties

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28